**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                                                              **Civ. No. 1:22-cv-500**

$58,360.00 IN U.S. CURRENCY.

    *Defendant-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

**DEFENDANT *IN REM***

2. The Defendant *in rem* consists of the following:

    a. $58,360.00 IN UNITED STATES CURRENCY

(Hereafter referred to as "Defendant Currency").

3. The Defendant Currency was seized by the Drug Enforcement Administration (DEA) on January 15, 2022, in the District of New Mexico.

4. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On January 15, 2022, law enforcement officers executed narcotics search warrants at 6315 Cochiti Rd SE and 118 San Pedro Dr SE.

8. Gabriel Guevara was the sole resident of 6315 Cochiti Rd SE, a one-bedroom apartment. Guevara also owned the "G Spot" smoke shop located at 118 San Pedro Dr SE. Officers detained Guevara and executed search warrants at the residence and the smoke shop.

9. The search of the apartment located at 6315 Cochiti Rd SE resulted in the discovery of the following: a stolen Glock pistol, a stolen DPMS rifle, a stolen Taurus pistol, four other firearms, a blue Fentanyl pill marked "M" and "30", marijuana, white Oxycodone pills marked "K" and "57", and cocaine. Officers discovered approximately 7 firearms, drugs, and the Defendant Currency inside of a suitcase and a safe in Gabriel Guevara's bedroom.

10. The search of the smoke shop located at 118 San Pedro Dr NE resulted in discovery of the following: a stolen rifle, a stolen 1911 pistol and a short rifle in the back room of the shop. The back room appeared to be accessible only to Guevara. Officers also located marijuana in the shop.

11. On January 27, 2022, investigators conducted an employment check for Guevara, which revealed that he had no wages reported since the first quarter of 2019.

12.     Further investigation revealed that Guevara stated his intent to "make a run" the same day as the warrants were executed. Based on law enforcement training and experience, the phrase "make a run" means the purchase of narcotics.

### FIRST CLAIM FOR RELIEF

13.     The United States incorporates by reference the allegations in paragraphs 1 through 12 as though fully set forth.

14.     Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

15.     Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

    Respectfully submitted,

    ALEXANDER M.M UBALLEZ
    United States Attorney

    STEPHEN R. KOTZ
    Assistant U.S. Attorney
    P.O. Box 607
    Albuquerque, NM 87103
    (505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with Drug Enforcement Administrations who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: _____                              _____
                                                      Marcus J. Kelly, Task Force Officer
                                                      Drug Enforcement Administration